UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEWAYNE CLARK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:10CV42 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] The motion will be summarily denied.

On August 14, 2006, movant pled guilty to one count of possession with intent to distribute cocaine base. United States v. Clark, 1:06CR85 CDP (E.D. Mo). On November 21, 2006, the Court sentenced movant to a prison term of one hundred months, with a four year term of supervised release. Movant did not appeal the

---

[1] In his petition, movant asked that his motion be brought pursuant to 28 U.S.C. § 2241. However, because movant is challenging the constitutionality of his conviction and sentence, he may not proceed under § 2241. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (noting that a writ of habeas corpus may issue under § 2241 only if it appears that the remedy under 28 U.S.C. § 2255 is inadequate and finding that the expiration of the one year statute of limitations under § 2255 does not automatically show inadequacy). As such, the Court will construe the instant motion as one brought pursuant to 28 U.S.C. § 2255.

judgment. As a result, the judgment became final ten calculated days later, approximately December 6, 2006. Fed. R. App. Proc. 4(b)(1).

On May 20, 2008, movant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on the recent retroactive change to U.S.S.G § 2D1.1. On January 28, 2009, the Court granted the motion and reduced movant's sentence on the drug count to a prison term of eight-four months, with a four year term of supervised release. Movant did not timely file a notice of appeal.

Movant has now filed a motion pursuant to § 2255 in which he seeks to attack his sentence. The motion contains two grounds for relief: actual innocence and the unconstitutionality of the crack/cocaine ratio. Movant argues that his conviction should be overturned as a matter of law.

## Discussion

Movant's sentence became final for purposes of § 2255 on or about December 6, 2006. See United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996) (§ 3582 proceedings do not alter finality of underlying criminal judgment) (citing to United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995)). As a result, the instant motion is barred by § 2255's one-year period of limitations, and movant is not entitled to relief.

Even if the motion were timely, a district court's ruling on a § 3582 motion is not a ruling subject to collateral attack via a § 2255 motion. C.f. Whitebird, 55 F.3d at 1011.

For each of these reasons, movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be summarily denied. See Rule 4(b) of the Rules Governing § 2255 Proceedings (summary dismissal). And because movant has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

Dated this 17th day of May, 2010.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE